# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANDY KEES,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0547**  (BOR Appeal No. 2044971)
(Claim No. 2001035024)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**C.C. COAL CO.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andy Kees, by Samuel F. Hanna, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, by Jack M. Rife, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2011, in which the Board affirmed an August 4, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's denial of Mr. Kees's request to add lumbar spondylolisthesis and herniated disc as compensable injuries under the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

Having considered the petition and the relevant decision of the lower tribunal, the Court is of the opinion that the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court determines that there is no prejudicial error. This case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Kees injured his back while climbing into a coal loader on January 8, 2001. He slipped on a step and jerked his back when he caught himself. The claim was held compensable later in 2001 for lumbar sprain, but Mr. Kees was denied compensability for "symptoms referable to back" and lumbago. Over the eight years following the injury, Mr. Kees was treated by Dr. Adnan Silk. Dr. Silk noted early in his treatment notes, in January of 2001, that Mr. Kees was known to have lumbar spondylolisthesis and that Mr. Kees was told by a doctor in 1990 that low back pain he had at that time was due to a birth defect. Dr. Silk stated in multiple medical reports throughout Mr. Kees's treatment, from 2001 to 2008, that Mr. Kees had lumbar spondylolisthesis between his L5 and S1 vertebrae.

In March and September of 2003, Dr. Prasadarao Mukkamala examined Mr. Kees and reviewed his history for an independent medical evaluation. On each occasion, Dr. Mukkamala diagnosed a pre-existing spondylolisthesis at L5-S1. In September of 2003, Dr. Mukkamala found that Mr. Kees had reached maximum medical improvement and found he had a whole person impairment of 6%.

In October of 2004, Dr. Joseph E. Fernandes examined Mr. Kees and reviewed his history, finding pre-existing Grade I L5-S1 spondylolisthesis. Dr. Fernandes also found that Mr. Kees had reached maximum medical improvement, but found that he had a 7% whole person impairment, and suggested adding an additional 1% impairment for Mr. Kees.

On March 30, 2009, Dr. Silk submitted a diagnosis update form to add the diagnosis of lumbar spondylolisthesis and herniated disc/lumbar as compensable components of the claim. On March 24, 2010, three months before oral arguments were submitted to the Office of Judges, Dr. Silk sent a letter to Mr. Kees's counsel, stating that it "would be very useful if we could get the lumbar spine x-ray" from 1990 in order to compare with Mr. Kees's lumbar spondylolisthesis. No x-ray from 1990, or analysis thereof, was submitted into the record.

On August 4, 2010, the Office of Judges found by a preponderance of the evidence that the requested additional diagnoses, lumbar spondylolisthesis and herniated disc, were pre-existing degenerative conditions that progressed over time and were unrelated to the lumbar sprain from the January 8, 2001, injury. The Office of Judges stated that the medical records clearly state that the claimant had a pre-existing severe degenerative disease. The Board of Review reached the same reasoned conclusion in its February 24, 2011, Order. We agree.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 1, 2013**


**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING**:
Justice Menis E. Ketchum